# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RODRIGUEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMERCE DISTRIBUTION COMPANY LLC; SMART & FINAL STORES LLC; SMART & FINAL LLC,<br><br>Defendants. | Case No. 2:22-cv-03159-SPG-JEM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br>**[ECF NO. 31]** |

Before the Court is Plaintiff Paul Rodriguez's motion to remand this proposed class action to the Superior Court of California for the County of Los Angeles. (ECF No. 31). Defendants oppose. (ECF No. 35). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that the matter is suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Central District of California Local Rule 7-15. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Remand.

-1-

## I. BACKGROUND

Plaintiff Paul Rodriguez alleges that Defendants Commerce Distribution Company LLC, Smart & Final Stores LLC, and Smart & Final LLC (together, "Defendants") violated California's wage and hour laws. (ECF No. 1-1 ("Compl.")). On March 30, 2022, Plaintiff filed a putative class action complaint in the Superior Court of California for the County of Los Angeles (the "LA Superior Court"). (*Id.*). Plaintiff alleges Defendants were his joint employers and share joint responsibility for the alleged misconduct. (*Id.* ¶ 4). Plaintiff served Defendants on April 6, 2022. (ECF No. 1 ("NOR") at 5). On May 6, 2022, Defendants timely removed this class action from the LA Superior Court pursuant to 28 U.S.C. § 1332(d). (*Id.*). On September 1, 2022, Plaintiff filed a motion to remand back to the LA Superior Court. (ECF No. 31-1 ("Mot.")). Defendants opposed on October 12, 2022, (ECF No. 35 ("Opp.")), and Plaintiff replied on October 19, 2022. (ECF No. 36).

## II. LEGAL STANDARD

A motion to remand is the procedural means to challenge removal and must be made within 30 days from removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); 28 U.S.C. § 1447(c). In general, a civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). The Class Action Fairness Act ("CAFA") confers original jurisdiction to the district courts in any class action in which the amount in controversy exceeds $5,000,000, the number of members of all proposed plaintiff classes is at least 100, and any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute ...." *Id.* § 1332(d)(1)(B). "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The Supreme Court has advised that "no antiremoval presumption attends cases invoking CAFA." *Id.* Indeed, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (cleaned up); *see also Ibarra*

*v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

"A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87). "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88). "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable. *Id.* at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

### III. DISCUSSION

#### A. CAFA Jurisdiction

To begin, it is undisputed that CAFA's requirements for numerosity (at least 100 individuals) and minimum diversity (any member of a class of plaintiffs is a citizen of a state different from any defendant) are met here. Plaintiff's sole argument to remand this putative class action is that Defendants have not satisfied the $5 million amount-in-controversy requirement. Specifically, Plaintiff argues that Defendants' NOR "vastly inflates the amount-in-controversy by impermissibly assuming the Class consists of all 29,321 non-exempt employees." (Mot. at 6).

In the Complaint, Plaintiff defines the putative class as "all persons who are or previously were employed by Defendant Commerce Distribution Company *and/or*

Defendant Smart & Final Stores *and/or* Defendant Smart & Final in California and classified as non-exempt employees." (Compl. ¶ 11 (emphasis added)).  Plaintiff defines the class period as "any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." (*Id.*).  Defendants' NOR thereby calculates the number of individuals who fall within Plaintiff's definition for the class to be 29,321. (NOR at 7).  Defendants' calculation consists of 614 individuals employed by Commerce Distribution, 28,560 individuals employed by Smart & Final Stores, and 147 individuals employed by Smart & Final.  (*Id.* at 3).

Plaintiff argues that "Defendants misread Plaintiff's Complaint to include a class that also includes all non-exempt employees who worked for Defendants Smart & Final Stores *and* Smart & Final." (Mot. at 5 (emphasis in original)).  Plaintiff claims the class is limited to only approximately 607 current and former non-exempt employees who worked for Commerce Distribution and argues that Smart & Final Stores and Smart & Final "were merely named as *joint employers* of Plaintiff and the class members, not for purposes of expanding the Class to include those non-exempt employees who worked for said entities." (*Id.* (emphasis in original)).  Plaintiff further points to Defendants' agreement to mediate this matter for only Defendant Commerce Distribution's non-exempt employees and the parties' efforts to prepare for mediation. (*Id.* at 3).  Specifically, during a meet and confer on May 19, 2022, and through subsequent email exchanges, Defendants agreed to mediate the case with a class size of 607. (ECF No. 31-2 ¶¶ 3-6, Ex. 2).

The Court finds that a plain reading of the Complaint indisputably provides for a putative class including employees of all three Defendants. *See* (Compl. ¶ 11).  Given the Complaint's clear definition of its putative class, Defendants properly based their NOR on nonexempt current and former employees from all three Defendants—not just Commerce Distribution.  Moreover, the parties' mediation discussions narrowing the class size to 607 are immaterial as they occurred *after* Plaintiff filed the Complaint and Defendants filed the NOR.  It is well settled that "the amount in controversy is determined by the complaint operative *at the time of removal* and encompasses all relief a court may grant on that

complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (emphasis added). And it is equally "well settled that 'post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing.'" *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 868 (9th Cir. 2013) (quoting *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010)). When, for example, "a defendant properly remove[s] a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." *Id.* at 1092. *See, e.g.*, *Ellison v. Autozone Inc.*, 486 F. App'x 674, 675 (9th Cir. 2012) (holding that where "jurisdiction was proper at the time of removal, subsequent dismissal or transfer of class claims does not defeat the court's CAFA jurisdiction over remaining individual claims").

Therefore, because Defendants' calculation of damages based on 29,321 appears reasonable and Plaintiff does not argue otherwise, the Court finds that Defendants have satisfied CAFA's amount in controversy requirement. *See Jauregui*, 28 F.4th at 992 ("A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'" (quoting *Dart Cherokee*, 574 U.S. at 87)). The Court thus denies Plaintiff's Motion to Remand.

### B. Timeliness of Remand

A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Defendants filed the NOR on May 6, 2022. (ECF NO. 1). Plaintiff filed his Motion to Remand on September 1, 2022—more than 30 days after Defendants' NOR. (ECF No. 31). The Court also notes that on May 31, 2022, Plaintiff indicated in the parties' joint report under Rule 26(f) that the parties intended to file a joint stipulation to stay the case pending mediation and that Plaintiff intended to file a motion to remand following mediation. (ECF No. 18 at 3). However, the parties did not file a joint stipulation until June 14, 2022—still more than 30 days after Defendants' NOR—and the Court did not

grant the stipulation until June 23, 2022. (ECF No. 26). Therefore, because Plaintiff filed the Motion more than 30 days after Defendant's NOR, the Court denies Plaintiff's Motion to Remand as untimely under section 1447(c).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

DATED:   October 31, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE